KENT v. ROWLEY et.

Ohio Appeals, 4th Dist., Scioto Co.

Decided Nov. 30, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

297. CONTRACTS—884. Parol Evidence—Parol condition subsequent can never be shown to defeat written contract.

Appeal from Common Pleas.
Decree for plaintiff.

Wm. J. Meyer, Portsmouth, for Kent.
Bannon & Bannon, Portsmouth, for Rowley et.

FULL TEXT.

MAUCK, J.

The parties hereto entered into a contract in writing as follows:

"Portsmouth, O., 5/14/26.

This is to certify that we, Ernest Rowley and Kate Rowley, agree to exchange their real estate located on Gallia St. Sciotoville & known 5946 with W. S. Kent for ninety nine & ¾ acres located in Licking Co., Ohio, and known as the G. W. Boyer farm. We are to assume $5,000.00 on said farm and W. S. Kent is to assume a loan of $3,000.00 on the property at 5946 Gallia St. and to pay us $2,000.00 in cash as the consideration for said property. The transfer to be made as soon as loan can be arranged.

Ernest Rowley
Kate Rowley
W. S. Kent."

On June 10, 1926, the Rowleys made a deed for part of the lands mentioned, received the $2,000 which was to be paid them less a small amount and accepted a deed for the Licking County farm. They entered on the farm, took the chattel property and sold it, and harvested and disposed of the growing crops. This action is brought by Kent to compel the Rowleys to complete the contract by conveying the rest of the Sciotoville property. The Rowleys resist specific performance solely on the ground that Kent promised that he would obtain for them a loan from a Federal Loan bank for $5,000 on the Licking County farm for thirty-two years at five and one-half or six per cent interest. They ask that Kent be required to arrange a Federal Bank loan or that the deed made by them for a part of their Sciotoville property be cancelled.

We have been more impressed than the defendants seem to have been with the poor bargain made by them but we find no opportunity to relieve them from their own voluntary engagements. The Licking County farm has been sold to pay the $5,000 mortgage thereon. Foreclosure proceedings were pending when the contract was made. It is, of course, futile

to talk of compelling a party to secure a loan from a Federal Land Bank and would be futile if the property was still in the name and possession of Rowley. It is equally useless to pray for a cancellation of the deed made by the Rowleys to a part of the Sciotoville property for that conveyance was made to one Lawson who is not a party to this action. No other remedy has been suggested whereby the parties might be restored to their former status if it were found that the Rowleys had been inequitably dealt with.

The contract of exchange is an illiterate instrument but it expresses a contract. One of the mysteries of human nature is that people who know that they do not know enough to shoe a hores or pull a tooth feel themselves perfectly competent to judge of the effects of a contract that may deprive them of all their property. The Rowleys now claim that Kent verbally agreed to secure for them a Federal Farm Bank loan to take up the $5,000 mortgage. Possibly he did so. That, however, is not the contract. In that instrument the Rowleys agreed to assume that mortgage. The proposed oral testimony concerning the so-called federal loan would contradict that term of the contract. The concluding provision of the contract, "the transfer to be made as soon as loan can be made," can not relate to a loan on the farm for the mortgage on that was assumed by Rowley. It must have meant a loan to be secured on the Sciotoville property by Kent to raise money to pay the $2,000 coming to Rowley.

Sometimes parol testimony is effectively employed to show extrinsically a condition precedent to the operation of the written instrument and that the written instrument fails because of the failure of the condition precedent. A parol condition subsequent can never be shown, however, to defeat the written contract. Page on Contracts, Section 2179. The evidence of the Rowleys in this case tended to show such subsequent condition. The farm mortgage was assumed by the Rowleys. It could only practically be assumed by deed. If Kent agreed to get the desired loan at all he could only have intended to get it after the transaction was completed and not as a condition precedent to the transfer.

A like decree to that entered in the Common Pleas will be entered here.

Middleton, J., concurs. Sayre, PJ., not sitting.)